**Entered on Docket**
**August 10, 2026**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**The following constitutes the order of the Court.**
**Signed: August 10, 2026**

**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>HASSAN ABPIKAR,<br><br>Debtor. | Case No.: 26-51140 SLJ<br><br>Chapter 13 |

**ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY**

On August 5, 2026, Debtor in pro per filed an Emergency Motion to Extend the Automatic Stay ("Motion"), which has a hearing date of August 13, 2026, in the caption. On August 7, 2026, Debtor filed an amended notice of hearing for the Motion for a hearing date of August 13, 2026

A motion to extend the automatic stay under § 362(c)(3) requires "notice and a hearing." 11 U.S.C. § 362(c)(3)(B). Bankruptcy Local Rule 4001-2 implements § 362(c)(3) and requires a motion to extend the automatic stay be served on all creditors to be stayed and set for hearing on no less than 14 days notice on the court's relief from stay calendar.



Case: 26-51140 Doc# 28 Filed: 08/10/26 Entered: 08/10/26 15:00:08 Page 1 of 3

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

The notice is defective here because the Motion was noticed for hearing on less than 14 days and on the court's chapter 13 calendar instead of the relief from stay calendar. The court recognizes that Debtor is representing himself, but a pro se debtor must follow the same rules of procedure that govern other debtors. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

For these reasons,

IT IS HEREBY ORDERED that the Motion is DENIED without prejudice.[1]

IT IS FURTHER ORDERED that the hearing on the Motion, which is improperly noticed for August 13, 2026, is dropped from the court's calendar and no appearances are necessary.

*** END OF ORDER***

---

[1] As an alternative relief, Debtor requests a stay under § 105(a). It is well established that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." 2 Collier on Bankruptcy ¶ 105.01[2], p. 105–6 (16th ed. 2013). The court cannot use § 105(a) to contravene specific statutory provisions such as § 362(c)(3).

**COURT SERVICE LIST**

Hassan Abpikar
1509 Silver Ranch Lane
San Jose, CA 95138

ECF Notifications