HASSAN ABPIKAR

1509 Silver Ranch Lane

San Jose, CA 95138 ; (408) 417-3043 ; labergini@gmail.com

**PRO SE DEBTOR**

FILED
AUG 20 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: ) | **Case No. 26-51140 S L J** |
| **HASSAN ABPIKAR, DEBTOR.** ) | **EX PARTE APPLICATION :** Debtor's |
| ) | Emergency Motion To Extend The |
| ) | Automatic Stay Pursuant to |
| ) | 11 U.S.C. § 362(c)(3)(B) |
| **HASSAN ABPIKAR**, an Individual ) | |
| Plaintiff, ) | **IMPORTANT NOTICE :** |
| ) | Automatic Stay Terminates : **08/24/2026** |
| VS. ) | **NEW** Trustee's Sale Date : **08/28/2026** |
| ) | ( See **EXHIBIT A** ) |
| **PIERRE MALAK**, an individual, & ) | |
| **a Real Estate Agent [01374262]**, ) | Date : Time: |
| **TRACY MALAK**, an individual, ) | Courtroom: ~~11~~ 10 H.A. |
| DOES 1 through 20, inclusive ) | **Judge: Honorable Stephen L. Johnson** |
| Defendants. ) | |
| ______________________________) | |

TO : Defendant Tracy Malak, Pierre Malak and their Counsel of Record !

PLEASE TAKE NOTICE that Plaintiff and Debtor Hassan Abpikar ("Abpikar" or "Debtor" or "Plaintiff") is filing this Ex Parte Application and due to Time

Constraint that will cause an Irreparable Harm, Moves the Court pursuant to 11 U.S.C. § 362(c)(3)(B) for an ORDER continuing and extending the Automatic Stay that terminates on **August 24, 2026** followed by **Trustee's Sale on August 28, 2026** to preserve the status quo and prevent the Imminent Foreclosure of his residence located at 1509 Silver Ranch Lane, San Jose, CA 95138, Santa Clara County, California ("Subject Property" or Silver Ranch Property") pending resolution of Plaintiff's adversary proceeding. (See **EXHIBIT A** ).

NOTE: On August 19, 2026 Debtor filed his schedules, 122C-1, Chapter 13 Plan [1/1/23, version 4] and Certificate of Counseling.

The automatic stay in this case is presently scheduled to terminate on **August 24, 2026**, because Debtor had a prior bankruptcy case pending within the preceding year that was dismissed.

Due to the time constraint, Abpikar now seeks thru the ONLY available remedy that is this Ex Parte Application to cure that procedural deficiency.

**IMPORTANT NOTICE TO THE HONORABLE COURT:**

This Honorable Court **(1)** did NOT consider the fact that Abpikar on August 13, 2026 had filed 'Application for Special Setting and Order shortening time' for BOTH Motion to Extend Automatic Stay and for Motion for TRO [filed this time under adversary proceeding case No. 26-05030]. Abpikar believed that the Special Setting, due to its time constraint, could be construed an Ex Parte Application ; and **(2)** On August 18, 2026 this Honorable Court Denied Abpikar' TRO once again, and in its Order, and in pertinent part, states :

"Debtor states in his Declaration that he filed this bankruptcy protection on July 24, 2026, prior to the foreclosure sale on July 27, 2026 and that the automatic stay became effective on the petition date. Thus Debtor has NOT established that immediate and irreparable injury will result before Defendants can be heard in opposition. Debtor also has not certified efforts to give notice and the reason why notice should not be required."

**Here are the Reasons**: Abpikar believes the Honorable Court missed the fact that **(1)** Debtor has continuously stated in all his pleadings that because he had filed a prior Bankruptcy Chapter 13 once before on February 12, 2026 in the preceding year, the current Automatic Stay is good until and terminates on **August 24, 2026**; and **(2)** therefore, the Honorable Court mistakenly believes

that Automatic Stay is still good until September 24, 2026 hearing date when Defendants to be heard in opposition ; (3) the NEW Trustee's Sale date is on **August 28, 2026.** ( See **EXHIBIT B** ).

Debtor Respectfully requests continuation of the automatic stay, to prevent a Harm and Injury to Abpikar since the Auto Stay terminates on 08/24/2026 followed by New Trustee's Sale date on 08/28/26. Debtor Abpikar requests that the automatic Stay to be continued, at minimum, **as to Pierre Malak and Tracy Malak and First American Title Insurance Company (First American Trustee Solutions), their agents, representatives, successors, assigns, and the foreclosure trustee acting under or at his direction**, and further requests that the Court continue the stay for the duration of the Chapter 13 case or until further order of the Court, subject to such conditions or limitations as the Court deems appropriate.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This case presents **an unusual** but straightforward circumstance.

Debtor Abpikar did NOT file this Chapter 13 case because of a general inability or unwillingness to pay his creditors. Rather, Debtor was FORCED to file this case because Defendants Pierre Malak ("Pierre" or Defendant Pierre") and Tracy Malak initiated and continued foreclosure proceedings against Debtor's residence despite Debtor's contention that he was current on the obligation, despite Pierre's acceptance of Debtor Abpikar's **July 5, 2026 payment**, despite Pierre's written acknowledgment of that payment, and despite Pierre's representation that he would record a Notice of Rescission concerning the foreclosure.

Pierre did **NOT** record the promised Notice of Rescission.

Debtor Abpikar further maintains that Pierre Malak owes Debtor approximately **$1,685,000** (one million six hundred eighty five thousand) arising from their longstanding financial and real-estate dealings over 24 years. ( See Declaration of Hassan Abpikar ).

The Foreclosure Trustee, Devellian Chatman and Amanda subsequently informed Debtor that it had been unable to obtain instructions from Pierre Malak and Tracy Malak despite repeated attempts to communicate with him.

Debtor therefore was FORCED to file the present Chapter 13 ("BK 13") case to preserve his residence while the parties' competing claims are adjudicated.

Debtor simultaneously commenced an Adversary Proceeding Case No 26-05030 concerning BOTH Pierre Malak and Tracy Malak's asserted lien and foreclosure rights.

This Honorable Court previously Denied Debtor's motion to extend the stay **without prejudice**, based upon a notice-period deficiency not because the Court made a final determination that Debtor's present case was filed in bad faith, but because the Court determined that the motion had NOT been served with the required 14-day notice, and because it was filed on the Court's Chapter 13 Calendar instead of the relief from Stay Calendar.

Debtor now respectfully corrects that procedural deficiency and requests an expedited hearing because the statutory 30-day period will expire on August 24, 2026.

The present Motion therefore asks the Court to determine the statutory question presented by § 362(c)(3)(B): **whether Debtor's present case was filed in good faith as to the creditor whose foreclosure is sought to be continued.**

Debtor respectfully submits that the evidence establishes GOOD FAITH and, to the extent a statutory presumption applies, rebuts that presumption by clear and convincing evidence.

## II. JURISDICTION AND STATUTORY AUTHORITY

1. This Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334 and 157.
2. This Motion constitutes a contested matter under Federal Rule of Bankruptcy Procedure 9014.
3. The Northern District of California's current B.L.R. 4001-2 specifically governs motions to extend the automatic stay under § 362(c)(3)(B). It requires the motion to identify the creditors as to whom continuation is sought and requires factual support concerning good faith and the circumstances surrounding prior bankruptcy cases.
4. Section 362(c)(3)(A) provides that, when an individual debtor files a subsequent Chapter 13 case within one year after a prior case was

dismissed, the stay ordinarily terminates on the 30th day after the later filing.

5. Section 362(c)(3)(B), however, permits the Court, on motion and after notice and a hearing completed before expiration of the 30-day period, to extend the stay as to any or all creditors if the debtor demonstrates that **the later case was filed in GOOD FAITH** as to the creditors to be stayed.

6. B.L.R. 4001-2 further provides that if no regular hearing date permitting 14 days' notice is available within the 30-day period, the moving party should follow the assigned judge's procedures for a special setting; hearings on shortened time must comply with Bankruptcy Rule 9006 and B.L.R. 9006-1.

## III. THE AUTOMATIC STAY IS SCHEDULED TO EXPIRE ON AUGUST 24, 2026

7. Debtor Abpikar filed the present Chapter 13 petition on **July 24, 2026**.

8. Debtor had a prior bankruptcy case that was dismissed within the preceding year.

9. Accordingly, § 362(c)(3) applies.

10. Unless the Court extends the stay, the statutory 30-day period will expire on **August 24, 2026**.

11. Debtor previously moved to extend the stay.

12. The Honorable Court Denied that motion **without prejudice** because the motion did not provide the required 14-day notice and was NOT filed on the relief from Stay Calendar.

13. Debtor now files this Renewed Motion and concurrently seeks a special setting or shortened time because an ordinary 14-day hearing would occur after August 24, 2026.

14. Debtor respectfully submits that waiting for an ordinary hearing date would defeat the statutory purpose of permitting the Court to consider a stay-extension motion before expiration of the 30-day period.

15. The current B.L.R. 4001-2 expressly addresses this circumstance and directs a moving party to follow the judge's special-setting procedures when no 14-day hearing can occur within the 30-day period.

**IV. THE PRESENT CASE WAS FILED IN GOOD FAITH AS TO BOTH PIERRE MALAK AND TRACY MALAK**

16. Debtor's present case was filed in good faith.

17. Debtor's principal reason for filing the present case was to protect his residence from foreclosure by Peter while the parties' substantial financial dispute is adjudicated.

18. Debtor Abpikar and Pierre have known each other for more than twenty FOUR years.

19. They have had longstanding financial and real-estate dealings.

20. Approximately seven months before the present bankruptcy filing, a substantial financial disagreement arose between Debtor Abpikar and Pierre concerning real-estate transactions and money allegedly owed between them.

21. Debtor maintains that Pierre owes him approximately **$1,685,000** that INCLUDES the wire money for sum of **$295,051** to Pierre's Chase Bank account on August 21, 2019. ( See **EXHIBIT C** ).

22. The $1,685,000 claim is NOT asserted merely as an after-the-fact bankruptcy defense. It arises from the parties' underlying financial dealings over 24 (twenty four) years and the $295,051 wire money of August 21, 2019 and is the subject of the parties' broader litigation.

23. Despite Debtor's continuous demand, Pierre has NOT paid Debtor his money.

24. Debtor maintains that nevertheless Pierre Maalk and Tracy Malak asserted foreclosure rights against Debtor's residence.

25. Debtor maintains that he was current on the obligation secured by Pierre/Tracy Malak's asserted lien.

26. Debtor Abpikar made a payment to Peter on **July 5, 2026**.

27. Pierre accepted that payment.

**28.** Pierre personally signed and dated a written document acknowledging receipt of the **July 5, 2026 payment.**

29. Pierre represented to Debtor Abpikar that he would record a **Notice of Rescission** concerning the foreclosure proceedings.

30. Pierre did NOT record the promised Notice of Rescission.

31. The foreclosure process therefore remained and still is outstanding despite Debtor's payment and despite Pierre's representation.

32. Debtor thereafter attempted to resolve the matter without further litigation, all to NO avail.

33. On July 13, July 14, and July 22, 2026, Debtor contacted the foreclosure Trustee Devellian Chatman and Amanda and repeatedly asked for the amount necessary, if any, to bring the second mortgage current. BOTH Foreclosure Trustee, Devellain Chatman and Amanda informed Debtor that they could not reach Pierre Malak and or Tracy Malak.

34. Both Trustee further informed Debtor that it had forwarded communications to Pierre/Tracy Malaks but had received NO response.

35. Both foreclosure trustee therefore were NOT able to obtain instructions from the person asserting the right to foreclose.

36. Debtor's efforts to resolve the matter outside bankruptcy was also NOT successful, becasue Pierre Malak AFTER July 13 or July 14, 2026 is NOT returning Abpikar's calls or text messages.

37. Debtor then was FORCED to commence the present Chapter 13 case.

38. These circumstances demonstrate that Debtor's filing was motivated by a concrete dispute arising from Pierre's GREET for money concerning a specific foreclosure—not by a generalized effort to frustrate unrelated creditors.

**V. DEBTOR'S FIRST BANKRUPTCY CASE DOES NOT ESTABLISH THAT THIS CASE WAS FILED IN BAD FAITH**

39. Debtor candidly acknowledges that he filed a prior bankruptcy case within the preceding year.

40. That case was subsequently dismissed.

41. Debtor does not attempt to conceal that filing or its dismissal.

42. The prior case arose after Pierre represented to Debtor that foreclosure was being pursued against Debtor's residence.

43. After the prior bankruptcy case was filed, Debtor learned additional information concerning Pierre's representations and the parties' financial dispute.

44. Debtor thereafter allowed the prior case to be dismissed rather than continuing a bankruptcy proceeding that he believed was unnecessary at that time.

45. The present case arose from a later and substantially escalated foreclosure dispute.

46. Debtor's present case is therefore not simply an attempt to repeatedly obtain bankruptcy protection after failing to perform a confirmed Chapter 13 plan.

47. Debtor's present case is accompanied by a Pending Adversary Proceeding Case No. 26-0530 concerning the underlying foreclosure dispute.

48. Debtor has therefore placed the substantive dispute before the Court rather than attempting to use bankruptcy solely as a delay mechanism.

49. Debtor respectfully submits that these facts are relevant to the Court's determination of GOOD FAITH.

## VI. DEBTOR'S GOOD-FAITH SHOWING IS SUPPORTED BY OBJECTIVE EVIDENCE

50. Debtor's good-faith showing is supported by documents and events that can be independently verified.

51. Those facts include:

a. Pierre/Tracy Malaks' asserted foreclosure;

b. Debtor Abpikar' s contention that he was current on the obligation;

c. <u>the July 1, 2026 payment</u> made to Pierre on **July 5, 2026** ;

d. Pierre's signed written acknowledgment of that payment;

e. Pierre's representation that he would record a Notice of Rescission;

f. Pierre's failure to record the promised rescission;

g. Debtor's July 13, 14, 22 communications with the foreclosure trustee;

h. the trustee's statement that it could not reach Pierre/Tracy Malaks;

i. the trustee's statement that communications had been forwarded to Pierre/Tracy Malaks without response;

j. the pending adversary proceeding; and

k. Debtor's substantial claim that Peter owes Debtor approximately $1,685,000.

52. These circumstances are inconsistent with a bankruptcy filing undertaken merely to delay a legitimate foreclosure.

53. Instead, they demonstrate a genuine dispute concerning the parties' respective rights and obligations.

**VII. THE $1,685,000 CLAIM IS RELEVANT TO THE GOOD-FAITH ANALYSIS**

54. Debtor recognizes that the Court need not adjudicate the ultimate merits of the $1,685,000 claim in deciding this Motion.

55. <u>Nevertheless, the existence and nature of that dispute for sum of $1,685,000 are relevant to whether Debtor Abpikar filed this case in GOOD FAITH.</u>

56. Debtor is NOT asserting that his $1,685,000 claim automatically extinguishes Peter's lien.

57. Rather, Debtor asserts that the parties have competing financial claims that require adjudication.

58. Debtor's position is that Pierre's asserted foreclosure can NOT fairly be viewed in isolation from the approximately $1,685,000 that Pierre owes Debtor Abpikar.

59. The adversary proceeding provides the appropriate forum for adjudicating those competing claims.

60. The requested continuation of the stay will preserve the status quo while that adjudication proceeds.

## VIII. THE PENDING ADVERSARY PROCEEDING CASE NO. 26-05030 FURTHER SUPPORTS CONTINUATION OF THE STAY

61. On July 29, 2026, Debtor filed a Verified Adversary Complaint concerning Pierre/Tracy Malaks' asserted foreclosure and lien.

62. The Clerk issued a summons identifying **Adv. Proc. No. 26-05030**

63. The adversary proceeding seeks relief including, among other things, wrongful foreclosure/attempted wrongful foreclosure, cancellation of instruments, declaratory relief, quiet title, injunctive relief, accounting, and related claims.

64. Debtor also filed an Emergency Motion for Temporary Restraining Order concerning the foreclosure.

65. BOTH Defendants Pierre Malak and Tracy Malak were served with the adversary pleadings and emergency motion on **July 31, 2026**, and proof of service was filed.

66. The existence of the adversary proceeding demonstrates that Debtor is seeking judicial determination of the underlying dispute rather than simply delaying foreclosure indefinitely.

67. The continuation of the stay would preserve the property and prevent the foreclosure process and allows the relief sought in the adversary proceeding where BOTH Pierre Malak and Tracy Malak can present their evidence in opposition.

## IX. THE COURT MAY EXTEND THE STAY AS TO PIERE MALAK AND TRACY MALAK AND THE FORECLOSURE PROCESS TRUSTEE, FIRST AMERICAN TITLE INSURANCE COMPANY

68. Section 362(c)(3)(B) permits the Court to extend the stay "as to any or all creditors," subject to conditions or limitations imposed by the Court.

69. Debtor therefore respectfully requests continuation at least as to:

**Pierre Malak and Tracy Malak;**

**the Foreclosure Trustee, First American Title Insurance Company (First American Trustee Solutions) acting under Pierre Malak and Tracy Malak's asserted rights;**

**Pierre Malak and Trustee Malak's agents, representatives, successors, and assigns;**

**and any person acting at Pierre Malak and Tracy Malak's direction or instruction to conduct or continue the challenged foreclosure.**

70. Debtor requests that those parties be prohibited from conducting, continuing, rescheduling, directing, authorizing, instructing, or otherwise causing a trustee's sale based upon the presently challenged Notice of Default or Notice of Trustee's Sale.

71. This request is narrowly tailored to the creditors Pierre Malak and Tracy Malak and foreclosure process giving rise to the present BK 13 filing.

## X. ALTERNATIVE REQUEST IF THE COURT DOES NOT EXTEND THE STAY FOR THE ENTIRE CASE

72. Debtor respectfully requests continuation of the stay for the duration of the Chapter 13 case, or until the Honorable Court Grants sufficient period of time to permit:

a. adjudication of the Pending Adversary Proceeding Case No. 26-05030;

b. determination of the parties' competing rights concerning Pierre Malak and Tracy Malak's asserted lien;

c. resolution of the foreclosure dispute;

d. consideration of the pending injunctive relief and the pending TRO; and

e. further order of this Court concerning the status of the property.

73. Debtor respectfully submits that a continuation would be necessary to prevent an imminent foreclosure after the statutory expiration of he Stay on August 24, 2026, before the Court has had an opportunity to adjudicate the parties' competing claims.

## PRAYER FOR RELIEF

WHEREFORE, Debtor Abpikar Respectfully requests that the Court:

1. **GRANT** this Ex Part Application for a Motion pursuant to 11 U.S.C. § 362(c)(3)(B);

2. Find that Debtor's present Chapter 13 case was filed in good faith as to Pierre Malak and Tracy Malak and Foreclosure Trustee, First American Title Insurance Company;
3. To find that Debtor Abpikar has rebutted any Bad Faith presumption by the evidence presented in this Motion and the accompanying Declaration, and all submitted evidence in its prior RENEWED Motions;
4. **CONTINUE AND EXTEND THE AUTOMATIC STAY** as to Pierre Malak and Tracy Malak and Foreclosure Trustee, First American Title Insurance Company, and as to their agents, representatives, successors, assigns, and persons acting at their direction or instruction;
5. Order that Pierre Malak and Tracy Malak and the persons acting on their behalf **shall not conduct, continue, reschedule, direct, authorize, instruct, or otherwise cause or permit any trustee's sale based upon the presently challenged Notice of Default or Notice of Trustee's Sale** pending further order of this Court;
6. Continue the stay for the duration of the Chapter 13 case, or until further order of the Court to permit adjudication of the pending foreclosure dispute and Adversary Proceeding Case no 26-05030; and
7. Grant such other and further relief as the Court deems just and proper.
   Dated : August 19, 202

______________________

HASSAN ABPIKAR

Debtor/Plaintiff

# EXHIBIT A

Jul 27, 2026

HASSAN ABPIKAR
1509 SILVER RANCH LANE
SAN JOSE, CA 95138

Re: Trustee's Sale No. **CA2600294615**
Loan No: **XXXXXXXXXX0001**
Property: **1509 SILVER RANCH LANE**
**SAN JOSE, CA 95138**

## NOTICE OF POSTPONEMENT OF TRUSTEE'S SALE

You are hereby notified that the Trustee's Sale listed above has been postponed to **08/28/2026 at 10:00 A.M.**, at the location specified in the original Notice of Trustee's Sale.

CAUTION: YOU MAY NOT RECEIVE WRITTEN NOTICE OF POSTPONEMENT EACH TIME THE TRUSTEE'S SALE IS POSTPONED

You can obtain information about future trustee's sale postponements by attending the scheduled trustee's sale at the location specified in the Notice of Trustee's sale and at the date and time set forth in the most recent public declaration of postponement. You may also obtain information about further trustee's sale postponements by calling **(916)939-0772** or through the following website **http://search.nationwideposting.com/propertySearchTerms.aspx** and by accepting the terms and conditions for use of that resource. Postponement information obtained by calling the above number or accessing the above-referenced website is subject to change and is provided solely as a courtesy and without liability or recourse.

UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE WITHOUT FURTHER NOTICE.

**First American Title Insurance Company,**
As authorized agent for the Beneficiary

**NOTICE TO TENANT**: You may have a right to purchase this property after the trustee auction, if conducted after January 1, 2021, pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call **(916)939-0772**, or visit this internet website **http://search.nationwideposting.com/propertySearchTerms.aspx**, using the file number assigned to this case **CA2600294615** to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid, by remitting the funds and affidavit described in Section 2924m(c) of the Civil Code, so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

# EXHIBIT B

**Entered on Docket**
**August 18, 2026**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**The following constitutes the order of the Court.**
**Signed: August 18, 2026**

**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HASSAN ABPIKAR,<br><br>Debtor. | Case No. 26-51140 SLJ<br><br>Chapter 13 |
| HASSAN ABPIKAR,<br><br>Plaintiff,<br><br>v.<br><br>PIERRE MALAK and TRACY MALAK,<br><br>Defendants. | Adv. Proc. No. 26-5030 SLJ |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

On August 11, 2026, Plaintiff and Debtor in pro per ("Debtor") filed a Renewed Emergency Motion for Temporary Restraining Order ("Motion"), after the court denied his motion for a temporary restraining order filed in the main bankruptcy case for the reason that injunctive relief requires an adversary proceeding. The Motion includes a hearing date of August 13, 2026, in the caption but is not otherwise accompanied by a notice of hearing.

For a matter to be properly set for hearing, the notice of hearing must be a separate pleading stating the date, time, and location of hearing. BLR 9013-1(b) & BLR 7007-1(f).



Case: 26-05030 Doc# 15 Filed: 08/18/26 Entered: 08/18/26 15:32:21 Page 1 of 3
Case: 26-51140 Doc# 49 Filed: 08/20/26 Entered: 08/20/26 15:08:49 Page 16 of 20

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Generally, a motion in an adversary proceeding requires at least 28 days notice. BLR 7007-1(a). The notice of the Motion is defective.

Nevertheless, the court may issue a temporary restraining order without notice if the requirements in Civil Rule 65(b)(1), as incorporated by Bankruptcy Rule 7065, are met. Debtor failed to meet both requirements in Civil Rule 65(b)(1). Debtor states in his declaration that he filed his bankruptcy petition on July 24, 2026, prior to the foreclosure sale on July 27, 2026, and that the automatic stay became effective on the petition date. Thus, Debtor has not established that immediate and irreparable injury will result before Defendants can be heard in opposition. Debtor also has not certified efforts to give notice and the reasons why notice should not be required.[1]

For the foregoing reasons,

IT IS HEREBY ORDERED that the Motion is DENIED.

****END OF ORDER****

[1] The form of notice that Debtor attempted to give is confusing and inadequate. Debtor filed a Certificate of Service on August 14, 2026, which shows Defendants were served with the Motion on August 13, 2026. But the Motion itself has a hearing date of August 13, 2026, which may lead Defendants to believe that the hearing date has passed. Moreover, none of the Motion papers indicate that Debtor is seeking an ex parte temporary restraining order.

HASSAN ABPIKAR

1509 Silver Ranch Lane

San Jose, CA 95138 ; (408) 417-3043 ; labergini@gmail.com

**PRO SE DEBTOR**

FILED
AUG 13 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **Case No. 26-51140 S L J** |
| **HASSAN ABPIKAR, DEBTOR.** | ) | Debtor Abpikar's Application For Special |
| | ) | Setting And Order Shortening Time on |
| | ) | Motion to Extend Automatic Stay Pursuant |
| | ) | to 11 U.S.C. § 362(c)(3)(B) |
| **HASSAN ABPIKAR**, an Individual | ) | |
| Plaintiff, | ) | |
| | ) | Date: TBD Time : TBD |
| VS. | ) | Courtroom: 11 |
| **PIERRE MALAK**, an individual, & | ) | **Judge: Honorable Stephen L. Johnson** |
| **a Real Estate Agent [01374262],** | ) | |
| **TRACY MALAK**, an individual, | ) | |
| DOES 1 through 20, inclusive | ) | |
| Defendants. | ) | |
| ______________________________ | ) | |

**TO : The Bankruptcy ("BK") Judge, Honorable Stephen L. Johnson !**

Debtor Hassan Abpikar ("Debtor"or "Abpikar" or "Debtor Abpikar") appearing in propria persona, Respectfully submits this Application for Special Setting and

HASSAN ABPIKAR
1509 Silver Ranch Lane
San Jose, CA 95138 ; (408) 417-3043 ; labergini@gmail.com
**PRO SE DEBTOR**

FILED
AUG 13 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE: | **Case No. 26-51140 S L J** |
| **HASSAN ABPIKAR, DEBTOR.** | Memorandum of Points and Authorities In Support of Debtor's Renewed Motion to Extend the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B) |
| **HASSAN ABPIKAR**, an Individual Plaintiff, | **[ NOTE: See Abpikar Application For Special Setting And Order Shortening Time Concurrently Filed With The Motion and This Memorandum ]** |
| vs. | |
| **PIERRE MALAK**, an individual, & **a Real Estate Agent [01374262]**, | |
| **TRACY MALAK**, an individual, | Date: TBD Time : TBD |
| DOES 1 through 20, inclusive | Courtroom: 11 |
| Defendants. | **Judge: Honorable Stephen L. Johnson** |

**Date:** ____________, 2026
**Time:** ____________
**Place:** 280 South 1st Street, San Jose, CA 95113
**Judge:** Honorable Stephen L. Johnson

HASSAN ABPIKAR
1509 Silver Ranch Lane
San Jose, CA 95138 ; (408) 417-3043 ; labergini@gmail.com
**PRO SE DEBTOR**

FILED
AUG 13 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE: | **Case No. 26-51140 S L J** |
| **HASSAN ABPIKAR, DEBTOR.** | Debtor Abpikar's Renewed Motion To Extend The Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B) |
| **HASSAN ABPIKAR**, an Individual | |
| Plaintiff, | **[ NOTE: See Abpikar Application For Special Setting And Order Shortening Time Concurrently Filed With This Motion ]** |
| VS. | |
| **PIERRE MALAK**, an individual, & | Date: TBD Time : TBD |
| **a Real Estate Agent [01374262],** | Courtroom: 11 |
| **TRACY MALAK**, an individual, | **Judge: Honorable Stephen L. Johnson** |
| DOES 1 through 20, inclusive | |
| Defendants. | |

**DEBTOR'S RENEWED MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B)**

**Date:** ____________, 2026
**Time:** ____________